Filed 7/24/17

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | S232114 |
| v. | ) | |
| | ) | Ct.App. 2/8 B260573 |
| MARIO R. ESTRADA, | ) | |
| | ) | Los Angeles County |
| Defendant and Appellant. | ) | Super. Ct. No. GA025008 |
| _____ | ) | |

Under the Three Strikes Reform Act of 2012, certain inmates may file a "recall" petition to reduce their punishment for third-strike sentences imposed on them for offenses that are neither serious nor violent felonies. (Pen. Code § 1170.126, subds. (b), (e).)[1] When a court evaluates a petition to recall such a sentence, may it find an inmate ineligible for relief because certain facts underlying a previously dismissed count show the inmate was "armed with a firearm or deadly weapon" during the commission of the third strike offense? (See §§ 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2).) The trial court in this case relied on preliminary hearing testimony to find that Mario Estrada was indeed armed during the commission of his 1996 theft offense. The court did so

---

[1] All subsequent statutory citations are to the Penal Code, unless otherwise noted.

1

notwithstanding the dismissal — pursuant to Estrada's plea agreement — of a robbery count and a firearm use allegation connected to the same incident. What we hold is that a trial court may deny resentencing under the Act on the basis of facts underlying previously dismissed counts. Because the trial court denied recall of Estrada's sentence in a manner consistent with this rule, the appellate court properly affirmed the trial court — and we now affirm that judgment.

I.

In 1996, defendant Mario Estrada pleaded guilty to one count of grand theft from a person under section 487, subdivision (c). Under a plea agreement, the prosecution dismissed a firearm use allegation (former § 12022.5, subd. (a)) related to the count of conviction, and robbery (§ 211), burglary (§ 459) and false imprisonment by violence (§ 236) counts based on the same incident that led to the conviction. The prosecution also dismissed several additional counts based on unrelated conduct alleged to have occurred on other dates. Estrada further admitted to two prior convictions qualifying as strikes under the "Three Strikes" law,[2] and the trial court sentenced him to an indeterminate term of 25 years to life.

Sixteen years later, the electorate approved Proposition 36, the Three Strikes Reform Act of 2012 (Proposition 36, or the Act). Among other reforms, the Act amended the Penal Code to permit recall of sentence for some inmates

---

[2] The Three Strikes law consists of two nearly identical statutory schemes. (*People v. Conley* (2016) 63 Cal.4th 646, 652 (*Conley*).) The first was enacted by the Legislature in March 1994, and appears in section 667 (as amended by Stats. 1994, ch. 12, § 1, p. 71). The second was adopted by ballot initiative several months later, and appears in section 1170.12. Both were amended by Proposition 36. (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) §§ 2, 4, pp. 105, 107.) The differences between the statutes are immaterial for the purposes of this case, so for convenience we refer only to section 1170.12. Our decision, however, applies to both versions.

sentenced for third strike offenses that were neither serious nor violent felonies. (§ 1170.126.) After approval of the Act, Estrada petitioned to recall his sentence. The trial court denied the petition on the basis of its factual finding that Estrada was armed with a firearm during the commission of his 1996 theft offense — a finding that renders a petitioner ineligible for resentencing under Proposition 36. (See §§ 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2).) In making this finding, the trial court reviewed the transcript of the 1996 preliminary hearing held before Estrada pleaded guilty. During that preliminary hearing, a Radio Shack employee testified that Estrada entered the store on April 9, 1995, and pulled out a small handgun. The employee also testified that Estrada demanded the money in the register and then, after he received the money, ordered the employee to the store's back room. Estrada then left the store.[3] Based on this testimony, the trial court denied resentencing, concluding that it was "more likely than not" that Estrada was armed during the commission of the offense.

Estrada appealed. The trial court, Estrada contended, impermissibly based its finding of ineligibility for resentencing on conduct tied to the robbery count and firearm use allegation, which were dismissed pursuant to the plea agreement. The Court of Appeal affirmed the denial of the petition, and we granted Estrada's petition for review.

II.

Prior to the approval of Proposition 36, the Three Strikes law imposed a prison term of 25 years to life on a defendant for a felony conviction, even if it

---

[3] This is a summary of only those events underlying the specific offense to which Estrada pleaded guilty. During the preliminary hearing, the prosecution also presented evidence of other crimes allegedly committed by Estrada on other dates.

was not a serious or violent felony, where the defendant had two or more prior convictions for serious or violent felonies. (Former § 1170.12, subds. (b), (c)(2)(A).) Following enactment of Proposition 36, defendants are now subject to a lesser sentence when they have two or more prior strikes and are convicted of a felony that is neither serious nor violent, unless an exception applies. (*People v. Johnson* (2015) 61 Cal.4th 674, 681 (*Johnson*); see also § 1170.12, subd. (c)(2)(C) [setting forth various exceptions].) One such exception is if, "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§ 1170.12, subd. (c)(2)(C)(iii).)

The Act applies both prospectively and to defendants already sentenced under the pre-reform version of the Three Strikes law. A defendant with two prior strikes convicted of a nonserious, nonviolent felony cannot be sentenced to a third strike term unless the prosecution "pleads and proves" that one of the Act's exceptions applies. (§ 1170.12, subd. (c)(2)(C).) For those sentenced under the scheme previously in force, the Act establishes procedures for convicted individuals to seek resentencing in accordance with the new sentencing rules. (§ 1170.126.) The procedures call for two determinations. First, an inmate must be eligible for resentencing. (§ 1170.126, subd. (e)(2).) An inmate is eligible for resentencing if his or her current sentence was not imposed for a violent or serious felony *and* was not imposed for any of the offenses described in clauses (i) to (iv) of section 1170.12, subdivision (c)(2)(C). (§ 1170.126, subd. (e)(2).) Those clauses describe certain kinds of criminal conduct, including the use of a firearm during the commission of the offense. Second, an inmate must be suitable for resentencing. Even if eligible, a defendant is unsuitable for resentencing if "the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) If an

4

inmate is found both eligible and suitable, the inmate's third strike sentence is recalled, and the inmate is resentenced to a second-strike sentence. (*Ibid*.; § 1170.12, subd. (c)(1).)

Estrada was among the defendants who received a third-strike sentence, after pleading guilty to one count of grand theft from a person in 1996. The Penal Code defines theft as "feloniously steal[ing], tak[ing], carry[ing], lead[ing], or driv[ing] away the personal property of another." (§ 484, subd. (a).) The code also defines grand theft from a person as theft "[w]hen the property is taken from the person of another." (§ 487, subd. (c).) By pleading guilty, Estrada admitted to feloniously stealing the personal property of another, from the person of another. Whatever else Estrada's admission of guilt established, however, it did not by itself establish that Estrada was "armed with a firearm or deadly weapon." (§ 1170.12, subd. (c)(2)(C)(iii).) But the trial court concluded that Estrada was "armed with a firearm or deadly weapon" during the commission of the offense. (*Ibid*.; see also 1170.126, subd. (e)(2).) To make this determination, the court considered more than just the facts established by Estrada's guilty plea. It also considered transcripts of Estrada's preliminary hearing, during which the employee testified that Estrada was armed when he stole from a Radio Shack. What is more, the trial court considered this testimony even though it was also connected to a robbery count and a firearm use allegation that the prosecution dismissed pursuant to the plea agreement.

The trial court's decision to consider this testimony raised the question we must now resolve: whether a court may rely on facts connected to a dismissed count to find that "the defendant . . . was armed with a firearm or deadly weapon" during the commission of a third strike offense, which renders an inmate ineligible for Proposition 36 recall of sentence. (§ 1170.12, subd. (c)(2)(C)(iii); see also 1170.126, subd. (e)(2).) To answer this question, we must first resolve whether a

5

court may consider facts beyond those encompassed by the judgment when making an eligibility determination under section 1170.12, subdivision (c)(2)(C)(iii). If the answer is yes, we must then decide whether a court may consider the subset of those facts connected to dismissed counts when making that determination.

These matters turn on how we interpret Proposition 36. Estrada does not argue that resentencing proceedings implicate a defendant's right under the Sixth Amendment to the United States Constitution to have essential facts found by the jury beyond a reasonable doubt. Rather, he argues that Proposition 36 itself precludes courts reviewing a petition to recall a sentence from making a factual finding of the sort made here. In construing the text of a statute adopted through the initiative process, we apply the same principles of statutory interpretation that we apply to statutes enacted by the Legislature. (*Johnson*, *supra*, 61 Cal.4th at p. 682.) In both contexts, our essential aim is to give effect to the statutory purpose of the specific legislation at issue. (*Ibid*.)

A.

Although Proposition 36 offers certain inmates the possibility of a reduced sentence, it also rations access to resentencing. Specifically, the Act provides that an inmate is eligible for resentencing if, among other things, "[t]he inmate's current sentence was not imposed for any of the offenses appearing in [section 1170.12, subdivision (c)(2)(C)(i)-(iii)]." (§ 1170.126, subd. (e)(2).) Section 1170.12, subdivision (c)(2)(C)(iii), provides, in full, "During the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." Accordingly, the Act provides that an inmate is eligible for resentencing if "[t]he inmate's current sentence was not imposed for" an offense during which "the defendant used a firearm, was armed with a firearm or deadly weapon, or intended

6

to cause great bodily injury to another person." What this provision necessarily implies, of course, is that an inmate is *ineligible* for resentencing if the inmate was armed with a firearm during the offense for which the third strike sentence was imposed.

A court adjudicating a petition for resentencing must therefore draw a line distinguishing an inmate qualified for resentencing from one whose offense-related conduct precludes eligibility. Estrada recognizes that when a court draws that line under section 1170.12, subdivision (c)(2)(C)(iii), it may rely on more than just facts appearing on the face of the judgment of conviction. But in doing so, he argues, a court may only consider facts encompassed by the verdict, or by the defendant's guilty plea. Imagine, for example, that Proposition 36 precluded inmates convicted of residential burglary from seeking recall of sentence. Because the nature of the building entered during the burglary is not an element of the crime of burglary, the prior judgment against any inmate convicted of burglary would not reflect burglary of a residence. (See § 459.) Even under Estrada's approach, however, a court could nonetheless find this hypothetical inmate ineligible for resentencing. By finding the inmate guilty of burglary, the trier of fact presumably must have found that the defendant entered *some* building. And if the evidence at trial indicates that the only building the defendant could have entered was in fact a residence, the finding that the defendant entered a building implies a finding that he entered a residence. Now consider that same hypothetical inmate, but add an ineligibility criterion for use of a firearm. Under Estrada's approach, this inmate could not be held ineligible — even if the record contained uncontroverted evidence that he was armed during the burglary — because no element of the burglary conviction implies firearm use. In contrast, the Attorney General argues that a court may base a finding of ineligibility under section

7

1170.12, subdivision (c)(2)(C)(iii) on any facts contained in the record of conviction, even if not implied by the judgment.

Nothing in the relevant statutes explicitly addresses the question before us. Several factors nonetheless cut against restricting the inquiry in the manner Estrada urges and in favor of allowing trial courts to follow a more pragmatic course. Section 1170.126, subdivision (e)(2) provides that inmates serving time for three categories of offenses are ineligible for resentencing. The definitions for two such categories reference statutes defining specific criminal offenses or allegations. (§ 1170.12, subd. (c)(2)(C)(i)-(ii).) For example, section 1170.12, subdivision (c)(2)(C)(i) renders an inmate ineligible for resentencing if the "current offense is a controlled substance charge, in which an allegation under Section 11370.4 or 11379.8 of the Health and Safety Code was admitted or found true." But section 1170.12, subdivision (c)(2)(C)(iii) is different. One finds no reference to any specific statutory provision there, but instead more general terms describing how criminal offenses may be committed. In contrast to the provisions in section 1170.12, subdivisions (c)(2)(C)(i) and (ii), these general terms evoke an inquiry that can extend beyond elements of the specific offense of conviction or facts that those elements necessarily imply.

What is more, section 1170.12, subdivision (c)(2)(C)(iii) provides only one express nexus requirement between these general descriptive terms and the inmate's prior offense: the excluding conduct must occur "[d]*uring* the commission" of the offense. (*Ibid*., italics added). The term "during" suggests temporal overlap: something that occurs throughout the duration of an event or at some point in its course. (See, e.g., Merriam-Webster's Collegiate Dict. (11th ed. 2003), p. 388 [defining "during" as "throughout the duration of" or "at a point in the course of"].) The term implies, at a minimum, a need for a temporal connection between the excluding conduct and the inmate's offense of conviction.

8

Although the need to establish such a nexus imposes certain limits on the applicability of the firearm-related exception, the Act could certainly have imposed an even stricter requirement for triggering the exception. (See *People v. Bland* (1995) 10 Cal.4th 991, 1002 [interpreting the phrase "in the commission" to impose a "facilitative nexus" requirement].) Because the Act does not do so, we may infer some kind of temporal limitation on the retroactive application of section 1170.12, subdivision (c)(2)(C)(iii).[4] And if the relevant limitation *is* temporal, it follows that a court should be permitted to review relevant portions of the record to determine whether that requirement is satisfied. To hold otherwise — that the temporal connection must be gleaned from findings implied by the elements of the offense — would foist on trial courts an additional requirement not reasonably discernible in the statute. (Cf. *People v. Romanowski* (2017) 2 Cal.5th 903, 908 [declining, in similar recall of sentence context, to find "implicit[]" limitation in general statutory phrase].) Accordingly, we think section 1170.12, subdivision (c)(2)(C)(iii) is best read as excluding from resentencing "broadly inclusive categories of offenders who, during commission of their crimes — and regardless of those crimes' basic statutory elements — used a firearm, were armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1055.)

Our analysis also fits with other indicia of the Act's purposes. As we explained in *Conley*, the two purposes of the Act are "mitigating punishment" and "protecting public safety." (*Conley, supra*, 63 Cal.4th at p. 658.) In its Findings and Declarations, the Act indicated that it would accomplish these twin objectives

---

[4]     Whether the use, arming, and intent described in section 1170.12, subdivision (c)(2)(C)(iii) must have a more-than-coincidental relationship to the current offense is a question we have no occasion to consider here.

by distinguishing between "low-risk, non-violent inmates" (who would benefit from the Act's ameliorative provisions) and "dangerous criminals" (who would not). (Voter Information Guide, Gen. Elec. (Nov. 6, 2012, § 1, p. 105.) Voters were reminded of this distinction throughout the materials advocating for passage of the Act. (See, e.g., Voter Information Guide, *supra*, argument in favor of Prop. 36, p. 52 ["Prop. 36 will help stop clogging overcrowded prisons with non-violent offenders, so we have room to keep violent felons off the streets."]; *id*. at p. 53, rebuttal to argument against Prop. 36 ["Today, dangerous criminals are being released early from prison because jails are overcrowded with nonviolent offenders who pose no risk to the public."].) We see no indication in the Voter Information Guide that the Act was designed to equate the "violent felons" category solely with those convicted of inherently violent offenses. To the contrary — we think it more faithful to Proposition 36's crucial distinction to interpret its conception of violent offenders as including not only those inmates convicted of inherently violent offenses but also those who committed nonviolent offenses in a violent manner. With section 1170.12, subdivision (c)(2)(C)(iii), Proposition 36 furthers its twin purposes by denying the latter category of offenders the benefits of the Act. To construe the Act otherwise would substantially, and impermissibly, impair its purpose of distinguishing between violent and nonviolent offenders. (See *Weatherford v. City of San Rafael* (2017) 2 Cal.5th 1241, 1246 ["[O]ur fundamental task in statutory interpretation is to ascertain and effectuate the law's intended purpose."].)

It also matters that the Act itself incorporated into the Three Strikes law the categories defined in section 1170.12, subdivision (c)(2)(C)(iii). (Compare former § 1170.12, with current § 1170.12, subd. (c)(2)(C).) The pre-reform version of the Three Strikes law required that a defendant with two or more prior strikes be sentenced to a third strike sentence for *any* third felony conviction. (*Johnson*,

*supra*, 61 Cal.4th at p. 680.) Before passage of the Act, prosecutors had little reason to prove any conduct on a defendant's part that now constitutes disqualifying conduct under section 1170.12, subdivision (c)(2)(C)(iii). (See *Conley*, *supra*, 63 Cal.4th at p. 659-660.) As the facts of this case aptly demonstrate, a judgment that predates Proposition 36 may at times fail to imply anything about disqualifying conduct, even if the evidence available to the prosecution could have supported such a finding. For this reason, we think it unlikely that it was part of the Act's design to prevent courts reviewing a recall petition from considering conduct beyond that implied by the judgment. Given the importance of the Act's distinction between violent and nonviolent criminal conduct, it seems implausible that the Act is best understood to condition ineligibility on an indicator of violence that the prosecution had no incentive to incorporate into the judgment. Accordingly, section 1170.12, subdivision (c)(2)(C)(iii) would be substantially underinclusive were we to interpret it to apply only to cases in which the judgment implies disqualifying conduct. (See *Williams v. Superior Court* (1993) 5 Cal.4th 337, 354 ["A court should not lightly adopt an interpretation of statutory language that renders the language useless in many of the cases it was intended to govern."].)

Estrada maintains that allowing a court reviewing a recall petition to rely on facts beyond those encompassed by the judgment is inconsistent with our approach to sentence enhancements for prior convictions. (See *People v. Guerrero* (1988) 44 Cal.3d 343.) The question we confronted in *Guerrero* was whether a finding that a defendant had suffered a prior conviction for a "serious felony" could be based on facts beyond those established by the prior judgment. (44 Cal.3d at p. 345.) We held that a court could look to the "entire record of the [prior] conviction" to determine the "substance" of the conviction. (*Id*. at p. 355.) What Estrada contends is that *Guerrero*'s focus on the "substance" of the prior

11

conviction limits the inquiry to facts established, at least implicitly, by the judgment of conviction. The Attorney General contends instead that the opinion and its progeny allow for fact finding within the record of conviction, without regard to the specific elements of the offense of conviction.

We need not resolve these competing interpretations of the *Guerrero* inquiry. Even assuming that Estrada's interpretation of those cases is correct, nothing in Proposition 36 or any material we might examine to understand its purpose suggests the Act incorporated such a substantive limitation. Precluding a court from considering facts not encompassed within the judgment of conviction would be inconsistent with the text, structure, and purpose of sections 1170.12, subdivision (c)(2)(c)(iii) and 1170.126, subdivision (e)(2) — and would, by consequence, impose an unnecessary limitation.

Finally, Estrada points to the Act's prospective plead and proof requirement, and our statement in *Johnson* that "the sentencing rules are intended to be identical" for new defendants and previously sentenced inmates (aside from the court's authority under section 1170.126, subdivision (f) to deny resentencing if doing so would pose an unreasonable danger to the public). (*Johnson*, *supra*, 61 Cal.4th at p. 691.) Estrada does not dispute that, by the Act's own terms, the plead and proof requirement applies only prospectively. What he contends instead is that for past and prospective offenders to be treated in a "nearly identical" manner, a court determining eligibility for resentencing should be limited to considering only those facts encompassed by the prior conviction. But nowhere in *Johnson* did we suggest that the Act's general purpose compelled identical treatment of past and prospective offenders, despite a clear indication that the statutory design was premised on the existence of certain distinctions in their treatment. Rather, we stated only that the substantive criteria that render a future offender eligible for a third strike sentence are the same substantive criteria that render a past offender

12

ineligible for a reduction in sentence.  (*Johnson*, at p. 691; see also *Conley*, *supra*, 63 Cal.4th at pp. 660-661.)  So the passage from *Johnson* does not buttress Estrada's position.

B.

Because a court may consider at least some facts not encompassed by the relevant judgment of conviction when determining whether a third strike offender is ineligible for resentencing under section 1170.12, subdivision (c)(2)(C)(iii), we must now decide whether anything prevents a court making that determination from considering the subset of those facts connected to a dismissed count.  Under a plea agreement, the prosecution dismissed a robbery count and firearm use allegation related to the incident that led to Estrada's guilty plea for grand theft from a person.  Estrada posits that basing ineligibility on facts underlying those dismissed counts essentially rewrites the plea agreement by "resurrect[ing] facts underlying charges and allegations" that Estrada bargained away.  We are not persuaded.

Estrada argues that basing ineligibility on facts underlying dismissed counts violates due process by denying him the benefit of his plea agreement.  (See *People v. Villalobos* (2012) 54 Cal.4th 177, 182 [Due process requires that both parties, including the state, " 'abide by the terms of [a plea] agreement.' "], quoting *People v. Walker* (1991) 54 Cal.3d 1013, 1024.)  While both sides must indeed abide by the terms of a plea agreement, the promises that must be kept are only those the agreement indicates.  The touchstone of any inquiry into the scope of a plea agreement is the terms to which the parties actually agreed.  (*Villalobos*, 54 Cal.4th at pp. 182-183.)  In *Villalobos*, we held that "mere silence by the parties and trial court concerning a statutorily mandated punishment does not make exclusion of the punishment a negotiated term of a plea agreement."  (*Id*. at p. 183, 186.)  The question in that case was whether the trial court could impose a

13

restitution fine above the statutory minimum "when the fine is not mentioned either by the parties in the plea agreement or by the trial court during the plea colloquy." (*Id*. at p. 183.) We held that it could, because "no specific amount of fine was expressly negotiated or otherwise made a part of the plea agreement." (*Id*. at p. 186.) Here, the question is similar: whether a court reviewing a Proposition 36 recall petition may consider facts underlying a dismissed count when nothing in the inmate's plea agreement discusses the effect of those facts. As in *Villalobos*, the answer to the question is that a court may do so. The legal effect of the facts associated with Estrada's use of a firearm was simply not "a part of the plea agreement." (See *Villalobos*, at p. 186.) By entering into a plea agreement that resulted in the dismissal of the robbery count and firearm use allegation, Estrada did not bargain for immunity from all consequences associated with the facts underlying those counts. What he bargained for instead was dismissal of the counts themselves. Considering facts connected to a dismissed count therefore does not rewrite the plea agreement, unless the agreement evinces some preclusion of the court's discretion to consider such facts.[5]

Notice how a contrary construction would condition eligibility under Proposition 36 on a prosecutor's charging decisions for *dismissed* counts. Under Estrada's theory, his eligibility for resentencing would depend on whether the

_____

[5]     Of course, it would be unreasonable to ask defendants to anticipate the passage of Proposition 36 and bargain for a provision in the plea agreement that explicitly addressed the circumstances at issue here. We do not mean to impose such an unrealistic standard. Rather, we hold that nothing about a fact's connection to a dismissed count prevents a court from considering it when determining whether an inmate is ineligible for resentencing under section 1170.12, subdivision (c)(2)(C)(iii), unless there is some indication that the plea agreement immunized the defendant from the effect of the facts that underlie the dismissed count or counts.

14

prosecutor charged the relevant events as a single count of theft as opposed to assorted counts of theft, robbery, and firearm use. Resentencing would be possible for a defendant who pleaded guilty in the latter scenario but not in the former. Yet the underlying acts and offense of conviction are the same in both cases. We decline to conclude that the Act was crafted to condition eligibility on counts that are dismissed and thus not part of the criminal judgment. (See *Copley Press, Inc. v. Superior Court* (2006) 39 Cal.4th 1272, 1291 [We favor statutory constructions that lead to " 'reasonable result[s],' " because we presume "that the Legislature intends reasonable results consistent with its apparent purpose."].)

Accordingly, a court determining whether a third strike offender is ineligible for resentencing under section 1170.12, subdivision (c)(2)(C)(iii) may consider facts connected to dismissed counts, but only if those facts also underlie a count to which the defendant pleaded guilty. That last qualifier is as crucial as any aspect of the rule: evidence of arming on which a court relies to deny recall of sentence must, of course, demonstrate that the inmate was armed "[d]*uring the commission of the current offense.*" (§ 1170.12, subd. (c)(2)(C)(iii), italics added.) By its own terms, this eligibility criterion plainly applies only to the offense or offenses that form the basis of the sentence sought to be recalled. (*Ibid*.; see also § 1170.126, subd. (e)(2) ["An inmate is eligible for resentencing if . . . [¶] (2) [t]he inmate's *current sentence* was not imposed for . . . ." (italics added)].) What this necessarily implies is that a finding of ineligibility pursuant to section 1170.12, subdivision (c)(2)(C)(iii) cannot be made on the basis of conduct that occurred other than *during* the offense of conviction.

In support of his argument that a court cannot rely on facts connected to a dismissed count, Estrada cites *People v. Berry* (2015) 235 Cal.App.4th 1417 (*Berry*). In *Berry*, an inmate petitioned under section 1170.126 to recall a third strike sentence imposed after he pleaded guilty to possession of a fraudulent check

15

and forged driver's license. (*Berry*, 235 Cal.App.4th at pp. 1419-1420.) During the incident that led to his convictions, the defendant was pulled over and found with a fake driver's license and fraudulent check. (*Id*. at p. 1421.) After discovering the forged items, the police searched the trunk of another of the defendant's vehicles and discovered a loaded firearm. (*Ibid*.) The prosecution charged the defendant with nine counts — including various gun-related enhancements — but the defendant pleaded guilty only to the two forgery counts. (*Id*. at pp. 1421-1422.) The trial court relied on evidence of the firearm to conclude that the defendant was ineligible for recall of sentence under section 1170.126, subdivision (e)(2) for having been armed during the commission of his possession of the fraudulent check offense. (*Berry*, 235 Cal.App.4th at pp. 1422-1423.) The Court of Appeal reversed, reasoning that a defendant cannot suffer " 'adverse sentencing consequences by reason of the facts underlying, and solely pertaining to, the dismissed count.' " (*Id*. at p. 1426, quoting *People v. Harvey* (1979) 25 Cal.3d 754, 758.)

Estrada argues that under *Berry*, a recall court cannot rely on facts connected to a dismissed count when denying a petition for recall of sentence. But given *Berry*'s facts, the opinion can be read to hold something narrower: that the defendant was not armed "during" the commission of the offense involving possession of the fraudulent check. (235 Cal.App.4th at p. 1426.) We do not here address the merits of this factual determination, which is not before us. What we do instead is to disapprove *People v. Berry*, *supra*, 235 Cal.App.4th 1417 to the extent it holds that a court is precluded from considering facts demonstrating that an inmate was armed *during* a third-strike offense, simply because those facts also

16

support a count the court dismissed. The view that such a limitation is implicit in Proposition 36 is one for which we find no support.[6]

C.

We now apply these principles to Estrada's own petition to recall his 1996 sentence for grand theft from a person. The trial court here was not limited to considering only facts encompassed by the prior judgment when determining whether Estrada was eligible for recall of sentence under sections 1170.12, subdivision (c)(2)(C)(iii) and 1170.126, subdivision (e)(2). Nor was it precluded from considering the subset of those facts connected to the firearm use and robbery counts that were dismissed pursuant to Estrada's plea agreement. When the trial court made its determination that Estrada was ineligible under those provisions, it relied on testimony from the preliminary hearing transcript. Estrada does not challenge the trial court's decision to admit and rely on this testimony, or the trial court's factual determination that the preliminary hearing transcript demonstrated that he was armed during the commission of his offense.[7] So we find no error in the trial court's determination that Estrada was armed with a firearm during the commission of his grand theft from a person offense.

[6]     Estrada also argues that if a finding pursuant to sections 1170.126, subdivision (e)(2) and 1170.12, subdivision (c)(2)(C)(iii) can be premised on facts that underlie a dismissed count, then a court could conceivably base such a finding on facts that underlie counts for which the inmate was acquitted. That circumstance is not before us, and different arguments might well pertain in a case that poses that question. Accordingly, we take no position on the issue.

[7]     Accordingly, we express no opinion on whether Estrada could have raised a valid hearsay or other evidentiary objection to the admission of the preliminary hearing transcript. (See, e.g., Evid. Code, § 1291, subd. (a)(2).) For the same reason, we need not consider in this case what sources a court may consider when making an eligibility determination under sections 1170.12, subdivision (c)(2)(C)(iii) and 1170.126, subdivision (e)(2). (Cf. *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1331.)

17

### III.

To find that an inmate was armed with a firearm during the commission of the inmate's third strike offense, a court reviewing a Proposition 36 recall petition may rely on facts underlying counts dismissed pursuant to the inmate's plea agreement — so long as those facts establish the defendant was armed *during* his offense of conviction. This outcome leaves trial courts in a position to implement the crucial distinction Proposition 36 draws between violent and nonviolent offenders, and is consistent with the text, structure, and other indicia of statutory purpose. And such procedures do not violate an inmate's plea agreement, unless the plea agreement precludes a recall court from considering such facts. Because the appellate court's opinion is consistent with this conclusion, we affirm the judgment.

CUÉLLAR, J.

WE CONCUR:

CANTIL-SAKAUYE, C. J.
WERDEGAR, J.
CHIN, J.
CORRIGAN, J.
LIU, J.
KRUGER, J.

18

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Estrada

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 243 Cal.App.4th 336
**Rehearing Granted**

_____

**Opinion No.** S232114
**Date Filed:** July 24, 2017

_____

**Court:** Superior
**County:** Los Angeles
**Judge:** William C. Ryan

_____

**Counsel:**

Richard B. Lennon and Suzan E. Hier, under appointments by the Supreme Court, for Defendant and Appellant.

Kamala D. Harris and Xavier Becerra, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Margaret E. Maxwell, Noah P. Hill, Louis W. Karlin and Nathan Guttman, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Suzan E. Hier
California Appellate Project
520 S. Grand Avenue, 4th Floor
Los Angeles, CA  90071
(213) 243-0300

Nathan Guttman
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA  90013
(213) 620-2024