KRIEGLER, Acting P.J., concurring in part and dissenting in part
I concur in the majority opinion to the extent it affirms defendant's conviction of second degree murder with personal use of a firearm. I respectfully dissent from that portion of the opinion conditionally reversing the judgment with directions to hold a fitness hearing pursuant to Proposition 57. Because the issue has divided the Courts of Appeal, and the dispute will eventually be resolved by our Supreme Court, I add *281 just a few observations on the issue of retroactivity of Proposition 57.
In recent years, Propositions 36 and 47 made significant changes in criminal law and procedure. Both initiatives contained express retroactivity provisions, putting the electorate on notice that the proposed changes would affect final and non-final judgments. Proposition 57, on the other hand, is completely silent in its text and the voters' guide on the issue of retroactivity. The electorate had no reason to believe that a person in defendant's position-duly charged under existing law, convicted by jury, and sentenced-would retroactively be entitled to a fitness hearing. If the proponents of Proposition 57 intended retroactive application of its terms, they should not have kept that intent hidden from the electorate. Perhaps voters would have been amenable to retroactive application of Proposition 57. "But voters can make that choice only if the question is presented in the initiative on which they have been asked to vote. The question was not presented" in Proposition 57, "and so it is not a choice we can say the voters have already made." ( People v. Valencia (2017) 3 Cal.5th 347, 386, 220 Cal.Rptr.3d 230, 397 P.3d 936 (conc. opn. of Kruger, J.).)
*485 Not only is there no express retroactivity provision, there is no reason to conclude the voters impliedly intended Proposition 57 to apply to someone in defendant's situation under the reasoning of In re Estrada (1965) 63 Cal.2d 740, 48 Cal.Rptr. 172, 408 P.2d 948 ( Estrada ). I doubt that the reasoning of Estrada applies here, as the statutory punishment for second degree murder and use of a firearm (or any other offense) was not mitigated by Proposition 57. But beyond that, the suggestion that the voters must have intended retroactive application of any ameliorative provisions of Proposition 57 under Estrada is a fiction with which I cannot agree. It is not a stretch to conclude that the electorate as a whole has no knowledge or understanding of the principle of Estrada , particularly since the justices of the Courts of Appeal are divided on both the scope of the Estrada holding and its application to the issue presented here.
This brings me to my final point. There is no way to comply with Proposition 57 as to defendant. As amended by Proposition 57, Welfare and Institutions Code section 707, subdivision (a)(1), requires the prosecutor to make a motion to transfer the minor from juvenile court to a court of general jurisdiction "prior to the attachment of jeopardy." Jeopardy attached long ago in this case. There is nothing in the language of Proposition 57 authorizing a fitness hearing after a conviction by jury and sentencing by the trial court. Proposition 57's requirement that a transfer motion be made "prior to the attachment of jeopardy" is an indication of the intent of the initiative. Liberal construction of Proposition 57 is required, but application of it to a circumstance never disclosed to the electorate and temporally impossible, in my view, goes beyond what may reasonably be read into the initiative by way of liberal construction. (See People v. Estrada (2017) 3 Cal.5th 661, 220 Cal.Rptr.3d 801, 399 P.3d 27 [noting that Proposition 36 did not explicitly address the issue presented but intent is found in other factors].)
I would affirm the judgment in its entirety.

Judge of the Orange Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.