Filed 7/20/21  P. v. Cotton CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B306685 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA031646-01) |
| v. | |
| DUANE COTTON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Nicholas J. Webster and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

_____

***INTRODUCTION***

Appellant Duane Cotton appeals from the trial court's denial of his second petition for three strikes resentencing under Penal Code section 1170.126 (Proposition 36).[1]  We affirm because appellant has forfeited the argument he makes on appeal by failing to raise it in the trial court.

***FACTS AND PROCEDURAL BACKGROUND***

In February 1998, appellant was charged with eight counts: stalking, forced oral copulation, two counts of making terrorist threats, assault with a taser gun, two counts of misdemeanor vandalism, and one count of eavesdropping with an electronic recording device during a confidential communication.  The oral copulation count alleged that appellant was armed with a deadly weapon, a box cutter, during the commission of the offense.  The information alleged that appellant had suffered three prior convictions for robbery within the meaning of sections 667, subdivisions (b) through (i) and 1170.12, subdivisions (a) through (e) (the Three Strikes Law), and that he had suffered prior prison terms within the meaning of section 667.5, subdivision (b).  Appellant pled not guilty to all counts and denied the special allegations.

At trial, the victim testified that she had been in a relationship and lived with appellant, but he moved out in November 1996 after he threatened her with a knife.  A month later, appellant returned to retrieve something from the home, held a box cutter to her throat, threatened to cut her, and forced her to orally copulate him.  On March 24, 1997, pursuant to a search warrant, police searched the apartment where the incident had occurred and found a box cutter in a wallet on a

---

[1]      All further undesignated statutory references are to the Penal Code.

2

closet shelf. Appellant testified to surreptitiously recording the sexual encounter with the victim. He denied committing the other charged crimes, and specifically denied threatening the victim with the box cutter. Appellant also testified he carried a box cutter in his wallet because he used it to unwrap boxes while working for a food distribution company.

A jury convicted appellant of electronic eavesdropping, and found true the prior conviction and prison term allegations. The jury acquitted appellant of one of the vandalism counts, and hung on all remaining counts. The trial court declared a mistrial on the remaining counts and dismissed them.

The trial court sentenced appellant to 25 years to life under the Three Strikes law for eavesdropping, plus one year for one prior prison term. This court affirmed the conviction and sentence. (*People v. Cotton* (July 12, 1999, B121762) [nonpub. opn.].)

In December 2012, following the enactment of the Three Strikes Reform Act of 2012 (Proposition 36), appellant filed his first petition for recall of sentence pursuant to section 1170.126. He sought resentencing as a second strike offender. The People opposed the petition on the ground that appellant was armed with a deadly weapon (the box cutter) during the commission of the commitment offense, thereby rendering him ineligible for resentencing pursuant to sections 1170.126, subdivision (e)(2) and 1170.12, subdivision (c)(2)(C)(iii).

The trial court found that appellant was armed even though the jury had not made that particular finding. Relying on the record of conviction, the trial court concluded that it was more likely than not that appellant had ready access to the box cutter for offensive or defensive use at the time he lured the victim into the bedroom where the electronic eavesdropping took

3

place. Therefore, appellant did not qualify for Proposition 36 relief.

We affirmed the trial court's order. (*People v. Cotton* (June 27, 2016, B260222) 2016 WL 3595545, \*\*1-2 [nonpub. opn.].) The California Supreme Court granted appellant's petition for review (case No. S236276), but deferred briefing pending its decision in *People v. Estrada* (2017) 3 Cal.5th 661 (*Estrada*). On March 28, 2018, following its decision in *Estrada*, the Supreme Court dismissed review in appellant's case.

On May 12, 2020, more than seven years after he filed his first resentencing petition, appellant filed with the trial court his "Second Petition for Resentencing" pursuant to section 1170.126. Petitioner claimed that he was entitled to a new hearing, based on a "change and[/]or modification or clarification in the law." Appellant relied on the decisions in *People v. Stutelberg* (2018) 29 Cal.App.5th 314 (*Stutelberg*) and *People v. Bradford* (2014) 227 Cal.App.4th 1322 (*Bradford*) in arguing that a the trial court's denial of his first petition for resentencing "is not supported by current law."

On June 11, 2020, the trial court deemed the second petition a motion for reconsideration of its 2012 ruling and denied appellant's request because appellant had not cited any relevant change in law, facts, or circumstance to support his request. In its memorandum of decision, the trial court also stated: "although a box cutter is not a deadly weapon per se, the record of conviction establishes that it was capable of being used, in a ' "dangerous or deadly" ' manner, and that [appellant] in fact intended to use it in such a manner."

## *DISCUSSION*

On appeal, appellant does not argue the issues he raised in his "Second Petition for Resentencing." Rather, appellant asserts the trial court applied the incorrect standard of proof in making

4

its 2012 decision.  He states that the People must prove his ineligibility for resentencing beyond a reasonable doubt based under *People v. Frierson* (2017) 4 Cal.5th 225 (*Frierson*), but the trial court instead applied a preponderance of the evidence standard in 2012.[2]

Appellant did not make this argument in the trial court. He admits as much but contends, without citation to authority, that "requiring appellant to file a new petition for reconsideration based on *Frierson* would not serve any purpose at this stage of the proceedings."  That is a non sequitur – our task here is to decide whether appellant properly raised before the trial court the point he is now pursuing in the appellate court.  He has not, and his argument on appeal is forfeited.

"The purpose of the waiver doctrine is to bring errors to the attention of the trial court so they may be corrected or avoided. [Citation.]  The rule that contentions not raised in the trial court will not be considered on appeal is founded on considerations of fairness to the court and opposing party, and on the practical need for an orderly and efficient administration of the law." (*People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468.)

### DISPOSITION

The judgment is affirmed.


RUBIN, P.J.

WE CONCUR:


BAKER, J.                                    KIM, J.

---

[2]     Respondent argues the order is not appealable, and defendant argues that even if the order is not appealable we have discretion to treat the appeal as a petition for habeas corpus. Because it does not change our disposition on the merits, we proceed to resolve the issue defendant presents.