Filed 6/3/22  P. v. Richmond CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ELDRICK RICHMOND, <br><br> Defendant and Appellant. | F083041 <br><br> (Super. Ct. No. BF170010A) <br><br> **OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Charles M. Bonneau, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Franson, Acting P. J., Smith, J. and Snauffer, J.

Eldrick Richmond was convicted of murder. In a prior appeal, we found error related to the first degree premeditation finding and reversed the judgment with directions to accept a reduction to second degree murder or retry the premeditation allegation. (*People v. Richmond* (Feb. 19, 2021, F078340) [nonpub. opn.].) The People chose the former.

Upon remand, the court resentenced Richmond to serve 35 years to life in prison based in part on enhancements for a prior strike and prior serious felony conviction. The prior convictions were the *same* prior conviction.

At issue in this appeal is whether the court properly imposed the prior serious felony enhancement. We hold the sentence was proper, and affirm.

## BACKGROUND[1]

The sentencing hearing proceeded quickly. After one victim impact statement, neither party advocated a particular sentence. The court sentenced Richmond to serve 35 years to life in prison. The sentence was based on 15 years to life for murder (Pen. Code,[2] § 187), doubled for a prior strike conviction (§§ 667, subds. (b)-(i) & 1170.12, subds. (c)-(g)), plus five years for a prior serious felony conviction (§ 667, subd. (a)). The two prior convictions were based on a single prior conviction.

## DISCUSSION

Richmond argues "the trial court abused its discretion by imposing a five-year enhancement term for the prior serious felony conviction, in view of the doubling of the life term based on the same prior serious felony conviction, therefore the matter must be remanded." Alternatively, he faults counsel for not objecting to its imposition. In essence, he argues the Three Strikes law is incompatible with section 667,

---

[1] Because the facts are largely irrelevant to the issues on appeal, we omit a factual summary.

[2] All statutory references are to the Penal Code.

subdivision (a), where the enhancement under each law is based on the same prior conviction.

The People claim "the court did not abuse its discretion in imposing the five-year enhancement under section 667, subdivision (a)." They also state Richmond has failed to prove his counsel was ineffective. We agree on each account.

As Richmond acknowledges, in *People v. Dotson* (1997) 16 Cal.4th 547 (*Dotson*), the Supreme Court "held that a five-year term consecutive to a Three Strikes term may be authorized, to fulfill the intent of the electorate in enacting the Three Strikes Law, even though both are based on the same prior conviction." *Dotson* relied primarily on language a sentence under the Three Strikes law "must be imposed 'in addition to any other enhancements or punishment provisions which may apply.' This language clearly prescribes that terms of enhancement, including the five-year enhancement under section 667[, subd.] (a), be imposed …." (*Dotson, supra,* 16 Cal.4th at p. 554.) This remains the law.

We are not persuaded by Richmond's attempt to undermine *Dotson, supra,* 16 Cal.4th 547. Notwithstanding more recent amendments[3] to the Three Strikes law, it still states it applies "in addition to any other enhancements or punishment provisions that may apply …." (§ 1170.12, subd. (c).) Accordingly, we decline to overrule *Dotson, supra.*[4]

---

[3] "In November 2012, California voters enacted Proposition 36, the Three Strikes Reform Act of 2012 (Proposition 36 []). With some exceptions, Proposition 36 modified California's 'Three Strikes' law to reduce the punishment imposed when a defendant's third [or greater] felony conviction is not serious or violent." (*People v. Valencia* (2017) 3 Cal.5th 347, 350.)

[4] We are not empowered to overrule *Dotson, supra,* 16 Cal.4th 547. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) In any event, we also note *Dotson, supra,* recognized "a significant distinction between section 1170.12[, the Three Strikes law,] and section 667[, subd.] (a). Under section 1170.12, the defendant's current felony need not be 'serious' for the three strikes law to apply. (Subd. (a).) Under section 667[, subd.] (a), however, the current felony offense must be 'serious'

Because we hold the sentence was properly imposed, Richmond's ineffective assistance claim fails.  (*People v. Bell* (2019) 7 Cal.5th 70, 125 [deficient performance is necessary to prove an ineffective assistance claim].)  Though Richmond argues, "[W]hy on earth would counsel not object," an obvious answer jumps to mind:  counsel previously failed to convince the court to strike the enhancement at the first sentencing hearing.[5]

---

within the meaning of section 1192.7, subdivision (c), for the five-year enhancement to apply."  (*Dotson, supra,* 16 Cal.4th at p. 555.)

The parties agree this significant distinction is no longer tenable for indeterminate third strike sentences, i.e., life sentences imposed under the Three Strikes law.  This is due to the fact the Three Strikes law was amended to require a current conviction for a serious or violent felony prior to imposing a third strike life sentence.  The distinction remains valid, however, for determinate strike sentences like the instant case, often referred to as a second strike sentence.  (§ 1170.12, subds. (c)(2)(A)-(C); see, e.g., *People v. Estrada* (2017) 3 Cal.5th 661, 667.)

But the parties are not wholly correct.  In some circumstances, the Three Strikes law mandates an indeterminate sentence where the section 667, subdivision (a), enhancement would not otherwise apply.  For example, a third strike sentence is appropriate notwithstanding the fact the current felony conviction is neither serious nor violent when it involves a certain quantity of drugs or the defendant was previously convicted of a so-called super strike.  (See § 1170.12, subd. (c)(2)(C) [defining exceptions and super strikes]; see also *People v. Henson* (1997) 57 Cal.App.4th 1380, 1389 [a third strike conviction is not by itself a serious or violent felony].)  In other words, there are statutory exceptions to the general rule a third strike sentence applies only to serious or violent felony convictions.

[5] Indeed, Richmond acknowledges this fact in his briefing and quoted the original pronouncement of judgment as follows:  " 'For the reasons that I've already commented on, the Court does not see any interest of justice in not imposing the additional five years which is mandated by law at this time, but which the court will have discretion to change next year.  Even if having the discretion now, I would not be inclined to exercise the discretion based upon in particular the demonstrated history of violence by the defendant over the course of his lifetime.' "

To be sure, we are mindful Richmond's basis for ineffective assistance in this appeal is different:  he presently argues counsel specifically failed to object to double punishment based on one prior conviction.  But, as explained above, we have rejected that argument.  Combined, these reasons amply explain why there was no objection.

## DISPOSITION

The judgment is affirmed.