Filed 3/23/26  P. v. Wasson CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C101231 |
| Plaintiff and Respondent, | (Super. Ct. No. CM028831) |
| v. | |
| JESSE MICHAEL WASSON, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

In our previous opinion, we concluded defendant Jesse Michael Wasson had expressly waived an issue that was pending before the California Supreme Court.  Our high court has since resolved that issue and transferred this matter back to us to reconsider our opinion in light of *People v. Superior Court (Guevara)* (2025) 18 Cal.5th 838 (*Guevara*).  To forestall an ineffective assistance of counsel claim, we now consider the issue on the merits.  We vacate defendant's sentence and remand for full resentencing.  Undesignated statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2008, Butte County sheriff's deputies pulled defendant over because his car did not have a license plate light. When the deputies asked defendant to get out of his car and one deputy told him he was going to be patted down, he ran away. The deputies chased defendant, eventually subduing him with a taser. After being tased, defendant told the deputies he had a pistol in his pocket. The deputies searched defendant and found the pistol, methamphetamine, marijuana, and two syringes containing a clear liquid. Deputies later executed a search warrant at defendant's home and found a drug lab.

Defendant was convicted of six felony counts and one misdemeanor count: (1) possession of a firearm by a felon (Pen. Code § 12021, subd. (a)(1) – count one); (2) possession of ammunition by a prohibited person (Pen. Code, § 12316, subd. (b)(1) – count two); (3) possession of a controlled substance (Health & Saf. Code, § 11377, subdivision (a) – count three); (4) possession of a concealed firearm (Pen. Code, § 12025, subdivision (a)(2) – count four); (5) possession of cannabis (Health & Saf. Code, § 11357, subd. (a) – count five); (6) manufacturing a controlled substance (Health & Saf. Code, § 11379.6, subd. (a) – count six); and (7) misdemeanor resisting arrest (Pen. Code, § 148, subd. (a)(1) – count seven). The court also found true that defendant was armed with a firearm as to count three and had two prior strikes.

At sentencing held in 2012, the trial court denied defendant's *Romero*[1] motion and sentenced defendant to: (1) 25 years to life for count one plus two years for prior prison term enhancements; (2) 25 years to life plus two years for prior prison term enhancements for each of counts two through five, all run concurrently to count one's sentence; (3) a consecutive one-year term for the count three firearm allegation; (4) a

---

[1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

consecutive 25 years to life on count six plus an additional two years for prior prison term enhancements; and (5) a consecutive one-year term for count seven.

In 2022, the Department of Corrections and Rehabilitation notified the trial court that defendant was eligible for resentencing under section 1172.75. In his petition for resentencing, defendant asked the court to dismiss the invalid prior prison enhancements, dismiss the one-year enhancement for count three, strike one of defendant's prior strikes under section 1385 and *Romero*, and "[a]pply any other changes in law that could reduce his sentence." The prosecution conceded that section 1172.75 permitted the court to strike the prior prison enhancements. Citing *People v. Kimble* (2024) 99 Cal.App.5th 746 and *People v. Superior Court (Guevara)* (2023) 97 Cal.App.5th 978, the prosecution argued that the trial court should not apply the resentencing required by the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012) (Reform Act)). The prosecution also argued that defendant posed a high risk for violence and imposing a lesser sentence would endanger public safety.

On March 12, 2024, the California Supreme Court granted a petition to review *People v. Superior Court (Guevara), supra*, 97 Cal.App.5th 978.

On April 22, 2024, defendant filed an additional brief expressly stating that "[t]he issue before the court was not the issue decided in [*People v. Superior Court (Guevara), supra*, 97 Cal.App.5th 978 and *People v. Kimble, supra*, 99 Cal.App.5th 746] cited by the People."

Two days later, the California Supreme Court granted a petition to review *People v. Kimble, supra*, 99 Cal.App.5th 746.

On May 24, 2024, the court struck the prior prison term enhancements and concluded it was bound to follow *People v. Kimble, supra*, 99 Cal.App.4th 746. It also concluded it lacked authority to entertain defendant's *Romero* motion and stated its inclination to deny the *Romero* motion if it had the authority to entertain it.

In support of that inclination, the court cited:  (1) defendant's serious rule violations in prison, over half of which were of a violent nature; (2) a particular rule violation in which defendant initiated violence with another inmate and ignored correctional officers' orders to get down; (3) defendant's continued use of illicit substances in prison; (4) a risk assessment prepared for defendant's 2023 parole suitability hearing in which a forensic psychologist opined defendant "would pose a high risk for violence"; (5) defendant's active participation in counts one, three, and six and the planning that went into count six; and (6) defendant's record of increasingly serious crimes.  The court acknowledged defendant's demonstration of insight and remorse as well as his significant group and self-help work but concluded it lacked confidence he would avoid future violence or drug use.  The court noted its previous finding that defendant fell within the spirit of the Three Strikes law and concluded that finding had not changed:  "[defendant] is within the spirit of the Three Strikes Law and . . . he does not have the prospects for the future that the [c]ourt would have confidence in that would keep the community safe."

Applying section 1385, subdivision (c), the court also concluded dismissal of the count three firearm enhancement would "endanger others with the possibility of physical injury or serious danger to others, as the [c]ourt reflected on the risk assessment and the history of violence previously engaged in by [defendant]."

Defendant appealed, contending the trial court should have sentenced him as a one-strike defendant, citing the dissent in *People v. Superior Court (Guevara), supra*, 97 Cal.App.5th at pp. 988-995 (dis. opn. of Baltodano, J.).  Although the People agreed with defendant, we concluded defendant expressly waived the issue raised in the dissent and affirmed the judgment.  After we issued our opinion, the California Supreme Court reversed the decision in *People v. Superior Court (Guevara), supra*, 97 Cal.App.5th 978 and held that the Reform Act's revised penalty provisions may be applied at a section 1172.75 resentencing if section 1170.126's substantive requirements are satisfied.

4

(*Guevara, supra*, 18 Cal.5th at pp. 850, 878.)  The Court then transferred this case back to us with directions to reconsider our opinion in light of *Guevara*.

DISCUSSION

I

*The Reform Act under Section 1172.75*

Under the Three Strikes law as originally enacted in 1994, an individual convicted of a felony offense following two prior convictions for serious or violent felonies was subject to an indeterminate term of life imprisonment with a minimum term of no less than 25 years.  (*People v. Conley* (2016) 63 Cal.4th 646, 651.)  The Reform Act lessened the prescribed sentence for a third strike defendant whose current offense was not a serious or violent felony.  (*Id.* at p. 652.)  It included a retrospective provision – section 1172.126 – that provides relief to prisoners already serving third strike sentences where the third strike was not a serious or violent felony.  (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1292.)

In 2021, the Legislature enacted section 1172.75 that invalidates certain sentencing enhancements and requires courts to recall sentences with those enhancements and resentence them by applying any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and promote uniformity of sentencing.  (§ 1172.75, subds. (a), (c), & (d).)

According to *Guevara*, the Reform Act applies at a section 1172.75 resentencing if section 1170.126's substantive requirements are satisfied, including the following: (1) the defendant is eligible under the Reform Act; and (2) the trial court does not determine that resentencing the defendant would pose an unreasonable risk of danger to public safety.  (*Guevara*, *supra*, 18 Cal.5th at pp. 850, 878.)  Eligibility for resentencing must be decided on a count-by-count basis.  (*People v. Johnson* (2015) 61 Cal.4th 674, 688.)  A defendant is ineligible under the Reform Act if he was armed with a firearm during the offense for which the third strike sentence was imposed.  (*People v. Estrada*

5

(2017) 3 Cal.5th 661, 669; §§ 1170.126, subd. (e)(2); 1170.12, subd. (c)(2)(C)(iii); 667, subd. (e)(2)(C)(iii).) As to the public safety component, the People must prove the facts upon which the determination is based by a preponderance of the evidence. (*Guevara*, at p. 852.) Relevant factors include: (1) the defendant's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, the remoteness of the crimes; (2) the defendant's disciplinary record and record of rehabilitation while incarcerated; and (3) any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety. (§ 1170.126, subd. (g).)

II

*Defendant's Case*

Although the People did not originally claim defendant waived the issue that was later resolved in *Guevara*, they do so now. We opt to address the issue. (*In re C.T.* (2002) 100 Cal.App.4th 101, 110, fn. 7.)

As to the merits, the People contend remand is unnecessary for two reasons: (1) defendant is not eligible under the Reform Act because he was armed with a firearm when he committed his offenses; and (2) the record clearly indicates the trial court would have found resentencing defendant would pose an unreasonable risk of danger to public safety. In response to our request for supplemental briefing, the People admit defendant satisfies the eligibility requirement as to count six but maintain remand is unnecessary because the clearly indicates test has been satisfied.[2] We find remand warranted here.

---

[2] In response to, but outside the scope of, our request for supplemental briefing, defendant raises a new reason for remand. Citing *People v. Shaw* (2025) 18 Cal.5th 1089, he contends his "current offenses arose from a single traffic stop" and those offenses were improperly "fragmented into multiple current strike convictions to impose multiple sentences of 25 years to life in prison." Given our decision to remand for resentencing, we do not address this issue.

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) When a court is unaware of the scope of its discretionary powers, the appropriate remedy is to remand for resentencing unless the record clearly indicates that the trial court would have reached the same conclusion even if it had been aware that it had such discretion. (*Ibid*.) In applying the clearly indicates test, " 'it is almost always speculative for a reviewing court to say what the sentencing court would have done if it had known the scope of its discretionary powers at the time of sentencing.' " (*People v. Lynch* (2024) 16 Cal.5th 730, 776 (*Lynch*).) In *Lynch*, the California Supreme Court explained that remand for resentencing is required unless the sentencing court (1) announced it was aware of forthcoming legislation and explained how it would exercise its discretion under that legislation or (2) made "the kind of definitive statements . . . to clearly indicate it would not impose a lesser sentence under any circumstances." (*Id.* at p. 777.) Here, the court made no such announcement or definitive statement.

The trial court's focus on defendant's public safety risk was under *Romero* and section 1385, subdivision (c). Those standards do not cover the section 1170.126, subdivision (g) standard for purposes of satisfying the "clearly indicates" test. Under section 1385, subdivision, (c), the court has discretion to dismiss an enhancement unless "there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2); see *People v. Walker* (2024) 16 Cal.5th 1024, 1029.) This *likelihood* standard is not equivalent to or inclusive of the "*unreasonable* risk of danger to public safety" standard described in section 1170.126 for purposes of the "clearly indicates" test. And in ruling on defendant's *Romero* motion, the trial court operated under a circumscribed power to depart from the sentencing norm established by the Three Strikes law. (*People v. Buford* (2016) 4 Cal.App.5th 886, 902-903.) The circumstances had to be extraordinary for defendant to

be deemed to fall outside the spirit of that law. (*People v. Carmony* (2004) 33 Cal.4th 367, 378; *People v. Mayfield* (2020) 50 Cal.App.5th 1096, 1105.) The same strict standard does not apply to the public safety determination under the Reform Act. In that context, the trial court is not limited to finding dangerousness in extraordinary cases: "it can do so in any case in which such a finding is rational under the totality of the circumstances." (*Buford*, at p. 903.)

Given these circumstances, we remand for resentencing. (*Lynch, supra*, 16 Cal.5th at p. 771.) On remand, the trial court may consider the entire sentencing scheme given the inherently integrated nature of felony sentencing for a multiple-count conviction. (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1257-1258; see *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"].)

DISPOSITION

Defendant's sentence is vacated, and the case is remanded to the trial court to conduct a full resentencing.


/s/ _____
MESIWALA, J.


We concur:



 /s/ _____
HULL, Acting P. J.



 /s/ _____
FEINBERG, J.

8