Filed 9/12/19

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| THE PEOPLE, | B290614 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA215317) |
| v. | |
| RAYNOULD THOMAS, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of Los Angeles County. William C. Ryan, Judge. Affirmed.

Three Strikes Project, Stanford Law School, Michael S. Romano and Susan L. Champion for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Noah P. Hill, Roberta L. Davis and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————————

A jury found appellant Raynould Thomas guilty of battery with serious bodily injury (Pen. Code,[1] § 243, subd. (d)), but found not true an allegation under section 12022.7, subdivision (a) that in the commission of the offense, appellant personally inflicted great bodily injury on the victim. After finding true four prior strike conviction allegations, the trial court sentenced appellant to an indeterminate term of 25 years to life under the Three Strikes law. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(e).) This court affirmed appellant's conviction and sentence in a nonpublished opinion filed May 22, 2002. (*People v. Thomas*, B151924.)

Thomas appeals an order of the superior court denying his petition for recall of his sentence pursuant to section 1170.126. Following an eligibility hearing, the trial court found beyond a reasonable doubt that during the commission of the offense, appellant " 'intended to cause great bodily injury to another person,' " and was therefore ineligible for resentencing pursuant to section 1170.12, subdivision (c)(2)(C)(iii). Appellant contends the trial court erred in denying the petition for resentencing on the basis of an inference, which he asserts was unsupported by the evidence, that appellant intended to cause great bodily injury in the commission of his offense. We disagree and affirm.

## BACKGROUND

On March 16, 2001, appellant and a woman spent the night in the apartment of appellant's friend, Alton Chillious. Appellant and the woman left together early the next morning but returned a few hours later asking to use the apartment again for the day. Chillious objected and told appellant he did not want them using

---

[1] Undesignated statutory references are to the Penal Code.

his apartment that day.  Appellant and Chillious argued, and appellant began raising his voice and pacing the floor.

As Chillious was removing his jacket from a closet, appellant suddenly punched him hard on the left side of his jaw, knocking him into the closet door.  While Chillious was still down, appellant punched him again, this time on the right side of his jaw.  Chillious fell backward, slid down the wall, and "saw stars."  When Chillious touched his jaw, he felt his tooth had moved and he found a big gash in his jaw.  After punching Chillious, appellant stood over him for a few minutes, pacing and angry.  Before appellant punched him, Chillious had not challenged appellant to fight, nor did he strike, punch, kick, push, or otherwise threaten appellant.  After the attack appellant and the woman left Chillious's apartment.

Chillious's jaw was broken in two places.  He underwent surgery during which screws and plates were inserted into the jawbone to stabilize the jaw.  His jaw was wired shut after the surgery and he received stitches for the gash.  Over the next three and a half weeks Chillious lost 20 pounds, and the attack left him with permanent nerve damage.

After Chillious was released from the hospital, appellant went to Chillious's apartment and apologized.  Chillious was reluctant to testify in the case because he felt sympathy for appellant and his daughter.  Before trial, Chillious wrote appellant a letter in which he said, " 'I don't want you to be sent away.  But Ray, you can't be sucker punching people because things aren't going your way.' "  He also told appellant he planned to lie at the next court hearing by testifying that appellant punched him in self-defense after Chillious pushed appellant.  Chillious wrote that he knew appellant did not mean

3

to break his jaw, and he did not " 'want to see [appellant] in the system for something [he] didn't mean to do.' " Finally, Chillious said that he considered appellant to be a friend, and he hoped appellant would be out of custody within a couple of months.

## DISCUSSION

### I.  Proposition 36

Passed by the electorate on November 6, 2012, the Three Strikes Reform Act of 2012 (Proposition 36 or the Act) "reduced the punishment to be imposed with respect to some third strike offenses that are neither serious nor violent, and provided for discretionary resentencing in some cases in which third strike sentences were imposed with respect to felonies that are neither serious nor violent." (*People v. Johnson* (2015) 61 Cal.4th 674, 679 (*Johnson*).)  In addition to the prospective reduction of sentences for qualifying third strike convictions, "the Act provides a procedure by which some prisoners already serving third strike sentences may seek resentencing in accordance with the new sentencing rules." (*Id*. at p. 682.)  The procedure allows an inmate currently serving a third strike sentence for a nonserious, nonviolent felony conviction to file a petition to recall the third strike sentence and be resentenced as a second strike offender. (§ 1170.126, subd. (b); *People v. Perez* (2018) 4 Cal.5th 1055, 1059 (*Perez*); *Johnson*, at p. 682.)

Not every inmate who is currently serving a third strike sentence for a nonserious, nonviolent felony is eligible for resentencing under the Act.  (See §§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C); *People v. Estrada* (2017) 3 Cal.5th 661, 667 (*Estrada*).)  Among other disqualifying factors, a petitioner is ineligible for resentencing if, "[d]uring the commission of the current offense, [he or she] used a firearm, was armed with a

4

firearm or deadly weapon, or intended to cause great bodily injury to another person."  (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii); *Estrada*, at p. 667; *Johnson*, *supra*, 61 Cal.4th at p. 682.)  As our Supreme Court has explained, "section 1170.12, subdivision (c)(2)(C)(iii) is best read as excluding from resentencing 'broadly inclusive categories of offenders who, during commission of their crimes—and regardless of those crimes' basic statutory elements—used a firearm, were armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person.' "  (*Estrada*, at p. 670, quoting *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1055 (*Blakely*).)

In determining Proposition 36 eligibility on a petition for recall and resentencing, a trial court makes findings of fact drawn from the entire record of conviction and "is not limited by a review of the particular statutory offenses and enhancements of which petitioner was convicted."  (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1332; *People v. Cruz* (2017) 15 Cal.App.5th 1105, 1110.)  Thus, " 'the court may examine relevant, reliable, admissible portions of the record of conviction to determine the existence or nonexistence of disqualifying factors.' "  (*Cruz*, at p. 1110; *Blakely*, *supra*, 225 Cal.App.4th at p. 1063.)  As *Estrada* held, "Proposition 36 permits a trial court to examine facts beyond the judgment of conviction in determining whether a resentencing ineligibility criterion applies."  (*Perez*, *supra*, 4 Cal.5th at p. 1063; *Estrada*, *supra*, 3 Cal.5th at p. 672.)

## II.    The Standard of Proof for Ineligibility and the Standard of Review on Appeal

The petitioning defendant has the *initial* burden of establishing a prima facie case for eligibility for recall of the third strike sentence.  (*People v. Frierson* (2017) 4 Cal.5th 225, 234;

5

*People v. Johnson* (2016) 1 Cal.App.5th 953, 963.)  Once that requirement is satisfied, however, the burden shifts to the prosecution to prove beyond a reasonable doubt that one of the disqualifying factors applies.  (*Perez*, *supra*, 4 Cal.5th at pp. 1059, 1062; *Frierson*, at p. 236; *People v. Arevalo* (2016) 244 Cal.App.4th 836, 853 (*Arevalo*).)  Our Supreme Court has expressly held that in determining a petitioner's eligibility, the trial court may rely on facts not found by a jury, and "[a] reviewing court, in turn, must defer to the trial court's determination if it is supported by substantial evidence."  (*Perez*, at p. 1059.)

In reviewing the trial court's eligibility determination, we view the evidence in the light most favorable to the trial court's findings without reassessing the credibility of witnesses or resolving evidentiary conflicts.  (*People v. Gomez* (2018) 6 Cal.5th 243, 278; *Perez*, *supra*, 4 Cal.5th at p. 1066 ["reviewing court does not reweigh the evidence; appellate review is limited to considering whether the trial court's finding of a reasonable doubt is supportable in light of the evidence"].)  "A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support" ' " the court's findings.  (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)

With regard to proof of intent, our Supreme Court has explained that although " '[e]vidence of a defendant's state of mind is almost inevitably circumstantial,' " such evidence may nevertheless be sufficient by itself to support a court's factual finding of intent.  (*People v. Manibusan* (2013) 58 Cal.4th 40, 87.)  Indeed, the same deferential standard of review applies when a court's finding is based on circumstantial evidence and requires

6

that we "accept logical inferences that the [trial court] might have drawn from the circumstantial evidence." (*People v. Maury* (2003) 30 Cal.4th 342, 396; *Manibusan*, at p. 87.)

### III. The Trial Court's Determination that Appellant Intended to Inflict Great Bodily Injury Is Supported by Substantial Evidence

*A. The trial court properly inferred appellant's intent from the circumstances surrounding the battery*

Because a defendant's intent is rarely susceptible of direct proof and must be proven circumstantially, a defendant's actions leading up to the crime become relevant in proving his or her mental state and intent in the commission of the offense. (*People v. Thomas* (2011) 52 Cal.4th 336, 355; *Hudson v. Superior Court* (2017) 7 Cal.App.5th 1165, 1171 ["a person's intent 'is a question of fact to be determined from all the circumstances of the case' "].) The intent to inflict great bodily injury thus "may be shown by, and inferred from, the circumstances surrounding the doing of the act itself." (*People v. Phillips* (1989) 208 Cal.App.3d 1120, 1124 (*Phillips*).)

Here, substantial evidence supports the trial court's finding that appellant acted with intent to cause great bodily injury based on the circumstances of the offense. As Chillious was taking his jacket out of the closet, appellant—suddenly and without provocation—punched Chillious hard on the left side of his jaw. The blow caused Chillious to fall into the closet door, landing on his knee and hitting his head on the wall. While Chillious was still down, appellant punched him again on the right side of his jaw. The force of the two blows broke Chillious's jawbone in two places, caused a gash on the right side of his jaw, and dislocated a tooth. The trial court emphasized that its

7

finding that appellant intended to inflict great bodily injury was based on the evidence of appellant's conduct, and not on the severity of the victim's injuries.

Appellant asserts that the trial court improperly rejected the only actual evidence of appellant's intent: Chillious's statements in his letter to appellant that he believed appellant did not intend to break his jaw, and he did not want to see appellant punished for "something [he] didn't mean to do." But as the trier of fact, the trial court was entitled to give Chillious's statements whatever weight it deemed appropriate, or to disregard them altogether. (See *People v. Henderson* (1949) 34 Cal.2d 340, 346 [questions regarding the weight of evidence and the credibility of witnesses are solely for the trier of fact].) Certainly, the trial court had good reason to put little stock in the statements, given that Chillious admitted he wrote the letter because he felt sorry for appellant and appellant's daughter, and he did not want appellant to be sent to prison. Chillious also told appellant in the letter that he was prepared to testify falsely that he had pushed appellant and appellant then struck him in self-defense. Chillious explained that his willingness to lie was because he has "a very kind heart, . . . and even though this happened to [his] jaw, [he] still had a heart that didn't want the person to be sent away or whatever."

In light of appellant's actions in carrying out the battery and Chillious's motives for writing the letter, the trial court reasonably accorded little weight to Chillious's statement about appellant's intent. "Of course, 'it is not a proper appellate function to reassess the credibility of the witnesses' " (*People v. Friend* (2009) 47 Cal.4th 1, 41), and we will not reweigh the trial court's assessment of Chillious's credibility here.

*B. Actual infliction of great bodily injury is not a prerequisite to finding intent to cause such injury*

Declaring that "[n]o California court has ever found that a defendant intended to cause great bodily injury in the face of a jury finding that the defendant did not actually cause the injury in question," appellant contends the jury's finding precluded any inference of intent to cause great bodily injury.  Citing *Phillips*, *supra*, 208 Cal.App.3d at page 1123, appellant claims that the only circumstances in which intent to cause great bodily injury can be inferred are when (1) the defendant applied force in a manner reasonably certain to produce great bodily injury, *and* (2) the defendant's application of force *actually produced* great bodily injury.

*Phillips*, however, announced no such rule.  Rather, the court held that "where one applies force to another in a manner reasonably certain to produce, and actually producing, great bodily injury, the requisite intent can be presumed, since the intent with which an act is done may be inferred from the circumstances attending the act, including the manner in which the act was done and the means used."  (*Id*. at p. 1124.)  This statement simply does not support appellant's claim that a court can infer an intent to inflict great bodily injury *only* where the defendant actually caused great bodily injury.  To the contrary, *Phillips* allows the factfinder to infer intent apart from the infliction of great bodily injury based on the facts and circumstances of the defendant's actions alone.

*People v. Guilford* (2014) 228 Cal.App.4th 651 (*Guilford*) illustrates the principle.  There, the defendant was convicted of spousal abuse (§ 273.5) and sentenced based on three prior strikes.  (*Id*. at p. 654.)  There had been no finding of great bodily

9

injury in connection with the spousal abuse conviction. Nevertheless, in denying defendant's petition to recall the sentence, the trial court found that during the commission of the current offense, the defendant " 'intended to cause great bodily injury to another person' " (*Guilford*, at p. 657, italics omitted; §§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)), and was therefore ineligible for recall of his sentence under the Act (*Guilford*, at pp. 654–655). In reaching its conclusion, the trial court summarized the prior opinion from the direct appeal of defendant's conviction and inferred an intent to commit great bodily injury based on the evidence of continuous spousal abuse. The Court of Appeal upheld the trial court's finding. (*Id*. at pp. 661–662.)

Appellant attempts to distinguish *Guilford* on the grounds that (1) the jury in this case found the allegation that appellant had personally inflicted great bodily injury on the victim to be not true, whereas there was no jury finding on great bodily injury in *Guilford*; (2) the trial court here expressly found appellant "did not actually inflict great bodily injury," while *Guilford* involved a history of continuous spousal abuse; and (3) while in this case there was some evidence the victim did not believe appellant had intended to hurt him, there was no such evidence in *Guilford*. These factors, however, amount to a distinction without a difference between the two cases. The bottom line is that in *Guilford*, as in the instant case, the trial court could properly—and did—infer the defendant's intent to cause great bodily injury based on the whole record of conviction, even in the absence of a finding of actual infliction of great bodily injury.

Appellant's argument, carried to its logical conclusion, would have us hold as a matter of law that the jury's finding that

the battery did not result in great bodily injury to the victim precluded a finding by the trial court that appellant intended to cause such injury.  This is plainly not the law.  The jury in this case was charged only with determining whether appellant "personally inflicted great bodily injury" on Chillious.  As the trial court observed, the jury "was not tasked with finding whether or not [appellant] *intended* to cause great bodily injury." In determining appellant's eligibility for resentencing, it was therefore up to the trial court to make the necessary findings that were not addressed by the jury's verdict or findings.

Appellant further contends that because the trial court's inference of intent is contrary to the jury's verdict and findings, the eligibility determination violates the holdings in *Arevalo, supra*, 244 Cal.App.4th 836, and *People v. Piper* (2018) 25 Cal.App.5th 1007 (*Piper*).  In contrast to those cases, however, the issue of appellant's intent to inflict great bodily injury was not decided by the jury, and the jury's finding that appellant did not cause great bodily injury did not resolve the question of his intent.

In *Arevalo* the defendant was convicted following a bench trial of grand theft auto and driving a vehicle without the owner's consent.  The trial judge acquitted the defendant of the charge of possession of a firearm by a felon and found not true the allegation that the defendant had been armed with a firearm during the offense.  While serving his third strike sentence, the defendant petitioned for recall and resentencing under the Act. (*Arevalo, supra*, 244 Cal.App.4th at p. 841.)  Applying a preponderance of the evidence standard, the trial court found that, despite the acquittal and not true finding, the defendant had been armed with a weapon when he committed his offenses

11

and was therefore ineligible for resentencing. (*Id*. at pp. 841–842.) The Court of Appeal reversed, holding that "[u]nder the applicable beyond a reasonable doubt standard, [defendant's] acquittal on the weapon possession charge and the not-true finding on the allegation of being armed with a firearm, preclude a finding that he is ineligible for resentencing consideration." (*Id*. at p. 853.)

Similarly, in *Piper*, a jury convicted the defendant of evading a pursuing peace officer and being a felon in possession of ammunition but found not true the allegation that the defendant was armed in the commission of the offense, and acquitted defendant of all firearm-related counts, including being a felon in possession of a firearm and carrying a loaded firearm. The defendant was sentenced as a "three-strike" offender and later petitioned for recall and resentencing pursuant to section 1170.126. (*Piper*, *supra*, 25 Cal.App.5th at pp. 1010, 1013.) Following an evidentiary hearing the trial court found defendant ineligible for resentencing because he " 'was armed with a firearm' " during the commission of the offenses. (*Id*. at p. 1013.)

*Piper* framed the issue on appeal as follows: Under what circumstances would "a jury's verdict and findings in the petitioner's trial preclude or limit the trial court's eligibility determination under the Reform Act?" (*Piper*, *supra*, 25 Cal.App.5th at p. 1013.) The court recognized that, "as a matter of law, a jury's not-true finding on an arming enhancement does not necessarily preclude a trial court from making an eligibility determination under the Reform Act that a defendant was armed." (*Id*. at p. 1015.) However, the court held that in acquitting the defendant on all firearm-related charges, including being a felon in possession of a firearm and carrying a loaded

12

firearm, the jury "conclusively rejected the claim that [defendant] was 'armed with a firearm,' " and "[t]hat rejection foreclosed any later finding beyond a reasonable doubt that [defendant] was 'armed with a firearm,' either while evading the police or while in possession of live ammunition." (*Id*. at p. 1016.)

In stark contrast to *Arevalo* and *Piper*, the jury's findings and verdict in this case were not inconsistent with the trial court's eligibility determination. The jury's finding that appellant did not actually inflict great bodily injury did not address the issue before the trial court, whether appellant intended to cause great bodily injury in the commission of the offense. Accordingly, the not true finding on the great bodily injury allegation did not preclude the trial court from finding that appellant intended to cause great bodily injury for purposes of his eligibility for resentencing under the Act.

## DISPOSITION

The order denying appellant's resentencing petition is affirmed.

CERTIFIED FOR PUBLICATION.


LUI, P. J.

We concur:



ASHMANN-GERST, J.



HOFFSTADT, J.